Case 1:15-cv-00166-DDD-JDK Document 15 Filed 06/16/15 Page 1 of 3 PageID #: 56

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 1 6 2015

TONY R. MOORE, CLERK
BY ᵧT
     DEPUTY

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**QUENTA ENNIS**                           DOCKET NO. 15-CV-166; SEC. P

**VERSUS**                                 JUDGE DRELL

**DANNY DANIELS**                          MAGISTRATE JUDGE KIRK

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the Court is a pro se civil rights complaint filed by Plaintiff Quenta Ennis, in forma pauperis, and pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971)[1]. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana (USP-P). He named as defendants Officer Danny Daniels and Warden M.D. Carvajal. Plaintiff alleged that he was seriously injured at USP-P due to the action/inaction of Defendant Danny Daniels.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Procedural Background*

Plaintiff filed another suit in this Court in Docket Number 1:14-cv-170 regarding the same set of facts alleged herein. That suit has been dismissed pursuant to a settlement between the

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

parties. [1:14-cv-170, Doc. #43]

In the captioned case, 1:15-cv-166, the undersigned previously recommended dismissal pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A. [Doc. #14] However, just prior to the filing of that Report and Recommendation, Plaintiff submitted a letter to the Court stating that he did not wish to pursue the claims raised in 1:15-cv-166, since he had settled his claims in 1:14-cv-170. [Doc. #13]

Therefore, construing Plaintiff's letter [Doc. #13] as a voluntary motion to dismiss due to the resolution of his claims in Docket Number 1:14-cv-170, the Report and Recommendation [Doc. #14] is hereby **WITHDRAWN. IT IS RECOMMENDED** that Plaintiff's voluntary motion to dismiss [Doc. #13] be **GRANTED,** and that the complaint be dismissed, with prejudice.

*The dismissal of Plaintiff's suit does not relieve him of the obligation to pay the filing fee as provided in the order granting him leave to proceed in forma pauperis.*

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.**

Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of June, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE